UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13 - 3087

-------------------------------------------------------------X

KENNY DORCEAN,

Index No.:

                                        Plaintiff,

                                                          COMPLAINT AND
-against-                                                 JURY DEMAND

THE CITY OF NEW YORK, POLICE OFFICER
DUDLEY EWALD, POLICE OFFICER DAVID L.
BOWMAN and POLICE OFFICER
"JOHN DOE", A FICTITIOUS NAME INTENDED
TO BE A POLICE OFFICER AND EMPLOYEE OF THE
NEW YORK CITY DEPARTMENT, EACH
INDIVIDUALLY AND AS POLICE OFFICERS OF
THE NEW YORK CITY POLICE DEPARTMENT,

                                        Defendants.

-------------------------------------------------------------X

Plaintiff, KENNY DORCEAN, by and through his attorney, ALEXANDER M.

DUDELSON, ESQ., states as follows:

INTRODUCTION

1.      This is an action for the wrongful acts of defendants THE CITY OF NEW YORK

POLICE OFFICER DUDLEY EWALD, POLICE OFFICER DAVID BOWMAN and "JOHN

DOE" A FICTITIOUS NAME INTENDED TO BE A POLICE OFFICER AND EMPLOYEE

OF THE NEW YORK CITY POLICE DEPARTMENT, INDIVIDUALLY, AND AS A

POLICE OFFICER OF THE NEW YORK CITY POLICE DEPARTMENT, in violation of

Plaintiff's rights secured by 42 U.S.C. Section 1983 and the Constitution and laws of the United

States.

2.      Plaintiff, KENNY DORCEAN, alleges that beginning on or about July 21, 2011, defendants committed wrongful and illegal acts against plaintiff, including falsely arresting plaintiff, wrongly imprisoning plaintiff, assaulting and battering plaintiff and/or negligently causing physical injury to plaintiff, using excessive force in effecting the arrest of plaintiff, intentionally and/or negligently inflicting severe emotional distress, and negligence in the hiring and retaining of incompetent and unfit officers and employees, negligence in the training and instruction, and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3.      This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4.      Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the plaintiffs Constitutional and civil rights.

5.      Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

11.    At all times relevant hereto, POLICE OFFICER "JOHN DOE," A FICTITIOUS

NAME INTENDED TO BE POLICE OFFICERS OF THE NEW YORK CITY POLICE

DEPARTMENT, was at all times relevant to this action, a police officer employed by the New

York City Police Department, and acting under the color of state law.  Upon information and

belief, POLICE OFFICER "JOHN DOE," FICTITIOUS NAMES INTENDED TO BE A

POLICE OFFICER OF THE NEW YORK CITY POLICE DEPARTMENT was assigned to the

70th Precinct of the New York City Police Department, at the time of the occurrences alleged in

this complaint.  He is being sued in both his individual and official capacities.

12.    At all times relevant hereto and in all their actions described herein, the

defendants were acting under the color of the statutes, ordinances, regulations, policies, customs

and usages of the New York City Police Department, and New York City, pursuant to their

authority as employees, servants and agents of the New York City Police Department, within the

scope of employment and incidental to their otherwise lawful duties and functions as agents,

servants and employees.

13.    At all times relevant hereto, the CITY OF NEW YORK was responsible for the

training of its police officers, and more particularly, Defendants POLICE OFFICER DUDLEY

EWALD, POLICE OFFICER DAVID L. BOWMAN and POLICE OFFICER "JOHN DOE," A

FICTITIOUS NAME INTENDED TO BE A POLICE OFFICER OF THE NEW YORK CITY

6.      Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7.      At all times relevant hereto, plaintiff KENNY DORCEAN, was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8.      At all times relevant hereto, defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9.      At all times relevant hereto POLICE OFFICER DUDLEY EWALD was employed by the New York City Police Department, and acting under the color of state law. Upon information and belief, POLICE OFFICER DUDLEY EWALD was assigned to the 70th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint.  He is being sued in both his individual and official capacities.

10.      At all times relevant hereto POLICE OFFICER DAVID L. BOWMAN was employed by the New York City Police Department, and acting under the color of state law. Upon information and belief, POLICE OFFICER DAVID L. BOWMAN was assigned to the 70th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint.  He is being sued in both his individual and official capacities.

POLICE DEPARTMENT, the unknown police officer whose identity plaintiff intends to discover.

14.     At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

15.     At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful propensities of the officers involved in the violation of civil rights, assault and battery and/or negligently causing physical injury, use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of plaintiff KENNY DORCEAN.

16.     The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the plaintiff KENNY DORCEAN.

### FACTUAL BACKGROUND

17.     At all times relevant to this action, Plaintiff KENNY DORCEAN resided at 2010 Newkirk Avenue, Brooklyn, New York.

18.     On July 21, 2011 at approximately 4:00 P.M. the Plaintiff KENNY DORCEAN and CAREY BYNUM were traveling from a store on the corner of Ditmas Street and Flatbush Avenue, Brooklyn, New York to Newkirk Avenue, Brooklyn, New York.

19.     On July 21, 2011 at approximately 4:15 P.M., the Plaintiff and CAREY BYNUM were stopped by Defendants POLICE OFFICER DUDLEY EWALD, POLICE OFFICER DAVID L. BOWMAN and POLICE OFFICER "JOHN DOE" in front of 520 East 22nd Street, Brooklyn, New York.

20.     POLICE OFFICER DUDLEY EWALD, POLICE OFFICER DAVID L. BOWMAN and POLICE OFFICER "JOHN DOE" commanded Plaintiff KENNY DORCEAN and CAREY BYNUM to get against the wall.

21.     That Plaintiff KENNY DORCEAN was searched by the Defendants in front of 520 East 22nd Street, Brooklyn, New York.

22.     No illegal physical evidence was found on the person of the Plaintiff or CAREY BYNUM.

23.     Upon the conclusion of the search, the Plaintiff was placed under arrest and was handcuffed.

24.     That the Defendant Officers did not advise the Plaintiff the reason for the arrest.

25.     The Defendants then forced the Plaintiff into the back of a marked police car.

26.     That Plaintiff KENNY DORCEAN remained in the police car for approximately one hour and was transported to the 70th Precinct.

27.     While at the 70th Precinct the Plaintiff was strip searched by the Defendants.

28.     That the Defendants punched Plaintiff KENNY DORCEAN in the stomach.

29.    That the Defendants kicked the Plaintiff while he was on ground.

30.    That the Defendants used an electronic restraining/compliance device (Taser) on the Plaintiff.

31.    That Plaintiff KENNY DORCEAN remained at the 70th Precinct for approximately eight hours.

32.    The Defendants denied Plaintiff KENNY DORCEAN's requests for medical treatment.

33.    Plaintiff KENNY DORCEAN was transported from the 70th Precinct to Central Booking.

34.    The Plaintiff was examined by a medical professional at Central Booking.

35.    Despite the advise of the medical professional, the Defendants refused to transport the Plaintiff to a hospital.

36.    The accusatory instrument filed in the Criminal Court, County of Kings charged the Plaintiff with Criminal Possession of a Controlled Substance in the Third Degree in violation of Penal Law § 220.16(1); Criminal Trespass in the Second Degree in violation of Penal Law § 140.15; Criminal Possession of a Controlled Substance in the Seventh Degree in violation of Penal Law § 220.03; Criminal Possession of Marihuana in the Fifth Degree in violation of Penal Law § 221.10(1); and Unlawful Possession of Marihuana in violation of Penal Law § 221.05.

37.    The accusatory instrument alleged that the Plaintiff was trespassing at the premises commonly known as 531 East 22nd Street, Brooklyn, New York, an F-TAP building.

38.    That the Plaintiff never entered 531 East 22nd Street, Brooklyn, New York on July 21, 2011.

39.    On July 23, 2011, the Plaintiff was arraigned before the Honorable Jacqueline D. Williams.

40.    The Plaintiff was released on his own recognizance.

41.    On December 6, 2011, the criminal case was dismissed without prejudice by the Honorable Desmond Green.

42.    On January 23, 2012, the criminal case was sealed.m

43.    As a direct and proximate result of the action of the Defendants Plaintiff KENNY DORCEAN was physically assaulted and suffers from emotional distress.

44.    As a direct and proximate result of the actions of the Defendants, Plaintiff KENNY DORCEAN was falsely arrested without justification for the aforementioned charges, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be imprisoned for approximately three days.

45..    Defendants POLICE OFFICER DUDLEY EWALD, POLICE OFFICER DAVID L. BOWMAN and POLICE OFFICER "JOHN DOE," acted with malice in arresting the Plaintiff

on false charges and causing the plaintiff to be prosecuted on charges the Defendants know are false.

46.     Defendants brought charges against Plaintiff KENNY DORCEAN and purposely misused their Police powers and the courts to arrest, harass, intimidate, assault and batter, imprison and prosecute Plaintiff for criminal charges in an effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiff and their use of excessive force and gratuitous act of violence against Plaintiff.

47.     To date, as a direct and proximate result of defendants actions, Plaintiff KENNY DORCEAN has suffered the loss of his liberty, physical assault and batter, and continues to suffer physical and emotional pain, permanent damage to his good name, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

48.     As a direct and proximate result of defendant's actions, Plaintiff KENNY DORCEAN was arrested and detained for a time amounting to a period lasting approximately seventy two hours for criminal charges without just cause.

49.     As a direct and proximate cause of defendant's actions, Plaintiff KENNY DORCEAN was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

50.     Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers,

including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officer in this case to engage in unlawful conduct described above.

51. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

52. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from there duties

53. Defendant CITY NEW YORK, and the New York City Police Department, knew or should have known that prior to July 21, 2011 , the perpetration of unlawful arrests, the use of excessive force, the commission of perjury and other malicious, violent and inappropriate unlawful acts by defendant officers were occurring, in that it believed that there may have been complaints of such unlawful conduct by these particular officers, but defendant CITY OF NEW YORK failed to take appropriate steps to eliminate such unlawful acts.

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:

THE EXCESSIVE USE OF FORCE
(Defendant POLICE OFFICER DUDLEY EWALD)

54.     Plaintiff, repeats and realleges the allegations contained in paragraphs 1-53 of this

complaint, as though fully set forth therein

55.     On July 21, 2011 at approximately 4:15 P.M., at 520 East 22nd Street, Brooklyn,

New York, the defendants POLICE OFFICER DUDLEY EWALD, without just cause or

provocation and in violation of proper and appropriate police conduct, and with maliciousness

and violence, used excessive force in affecting the arrest of plaintiff such that plaintiff TYRONE

GAUSE was injured.

56.     That the defendant POLICE OFFICER DUDLEY EWALD,  acting as agents and

on behalf of the CITY OF NEW YORK and within the scope of his employment, intentionally

and maliciously used excessive force, beyond what any reasonable officer in the circumstances

would have used, while effecting an arrest of plaintiff KENNY DORCEAN, and that no

supervisor or superior officer intervened to prevent the use of such excessive force.

57.     By reason of the aforesaid, plaintiff KENNY DORCEAN suffered great physical

damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise

damaged.

58.     The acts and conduct of defendant POLICE OFFICER DUDLEY EWALD, as

alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in

violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section

1983.

## SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
### THE EXCESSIVE USE OF FORCE
#### (Defendant POLICE OFFICER  DAVID L. BOWMAN )

59.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-58 of this

complaint as though fully set forth therein.

60.     On July 21, 2011 at approximately 4:15 P.M., at 520 East 22nd Street, Brooklyn,

New York, the defendant POLICE OFFICER DAVID L. BOWMAN, without just cause or

provocation and in violation of proper and appropriate police conduct, and with maliciousness

and violence, used excessive force in affecting the arrest of plaintiff such that plaintiff KENNY

DORCEAN was injured.

61.     That the defendant POLICE OFFICER POLICE OFFICER DAVID L.

BOWMAN,  acting as agents and on behalf of the CITY OF NEW YORK and within the scope

of his employment, intentionally and maliciously used excessive force, beyond what any

reasonable officer in the circumstances would have used, while effecting an arrest of plaintiff

KENNY DORCEAN, and that no supervisor or superior officer intervened to prevent the use of

such excessive force.

62.     By reason of the aforesaid, plaintiff KENNY DORCEAN suffered great physical

damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise

damaged.

63.     The acts and conduct of defendant POLICE OFFICER DAVID L. BOWMAN, as

alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in

violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section

1983.

THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
THE EXCESSIVE USE OF FORCE
(Defendant POLICE OFFICER "JOHN DOE")

64.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-63 of this

complaint as though fully set forth therein.

65.     On July 21, 2011 at approximately 4:15 P.M., at 520 East 22nd Street, Brooklyn,

New York, the defendant POLICE OFFICER "JOHN DOE", without just cause or provocation

and in violation of proper and appropriate police conduct, and with maliciousness and violence,

used excessive force in affecting the arrest of plaintiff such that plaintiff KENNY DORCEAN

was injured.

66.     That the defendant POLICE OFFICER POLICE OFFICER "JOHN DOE",  acting

as agents and on behalf of the CITY OF NEW YORK and within the scope of his employment,

intentionally and maliciously used excessive force, beyond what any reasonable officer in the

circumstances would have used, while effecting an arrest of plaintiff KENNY DORCEAN, and

that no supervisor or superior officer intervened to prevent the use of such excessive force.

67.     By reason of the aforesaid, plaintiff KENNY DORCEAN suffered great physical damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise damaged.

68.     The acts and conduct of defendant POLICE OFFICER "JOHN DOE", as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

### FOURTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT ( Defendant POLICE OFFICER DUDLEY EWALD)

69.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-68 of this complaint as though fully set forth therein.

70.     The actions of defendant POLICE OFFICER DUDLEY EWALD, a  member of the New York City Police Department, and acting under the color of state law, deprived plaintiff KENNY DORCEAN of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

71.     By these actions, the individual defendant has deprived plaintiff KENNY DORCEAN of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

72.     As a result of the foregoing, plaintiff KENNY DORCEAN was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

FIFTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT
( Defendant POLICE OFFICER DAVID L. BOWMAN )

73.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-72 of this complaint as though fully set forth therein.

74.     The actions of defendant POLICE OFFICER DAVID L. BOWMAN, a member of the New York City Police Department, and acting under the color of state law, deprived plaintiff KENNY DORCEAN of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

75.     By these actions, the individual defendant has deprived plaintiff KENNY DORCEAN of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

76.     As a result of the foregoing, plaintiff KENNY DORCEAN was deprived of

liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise

harmed, damaged and injured.

### SIXTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT ( Defendant POLICE OFFICER "JOHN DOE")

77.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-76 of this

complaint as though fully set forth therein.

78.     The actions of defendant POLICE OFFICER "JOHN DOE" a  member of the

New York City Police Department, and acting under the color of state law, deprived plaintiff

KENNY DORCEAN of his rights, privileges and immunities under the laws of the Constitution

of the United States of America, in particular, the rights to liberty, to be secure in his person and

property, to due process under the law, and the concomitant rights to be free from false arrest,

false imprisonment and the intentional and/or negligent infliction of emotional distress.

79.     By these actions, the individual defendant has deprived plaintiff KENNY

DORCEAN of his rights secured by the Fourth and Fourteenth Amendments to the United States

Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

80.     As a result of the foregoing, plaintiff KENNY DORCEAN was deprived of

liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise

harmed, damaged and injured.

SEVENTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

81.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-80 of this complaint and though fully set forth therein.

82.     At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

83.     These policies, practices and customs include, inter alia, the use of excessive force in making arrests, charging the plaintiff with five (5) Counts under the New York Penal Law when the police used excessive force in an attempt to cover up their wrongdoing.

84.     Upon information and belief, defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the defendant detectives, sergeant and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the defendant detectives, officers, sergeants and employees herein to be in a position to maliciously assault and batter the plaintiff, without cause or justification, in a demonstration of the excessive force in effecting the arrest of plaintiff KENNY

DORCEAN, that was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause them injury and violate their constitutional rights, and/ or permit these actions to take place with their knowledge and/or consent.

85.     Upon information and belief, defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of detective, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

86.     As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances

place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff therein.

87.     The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1-86 deprived plaintiff KENNY DORCEAN of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false imprisonment, and from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

88.     The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-86 deprived plaintiff KENNY DORCEAN of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the right to be free from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

89.     By these actions, defendant CITY OF NEW YORK has deprived plaintiff KENNY DORCEAN of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

90.    As a result of the foregoing, plaintiff sustained physical injuries, great emotional

injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and

injured.

### EIGHTH CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS
(All Defendants)

91.    Plaintiff repeats and realleges the allegations contained in paragraphs 1-90 of this

complaint and though fully set forth therein.

92.    Defendants CITY OF NEW YORK, POLICE OFFICER DUDLEY EWALD,

POLICE OFFICER DAVID L. BOWMAN and POLICE OFFICER "JOHN DOE", under the

color of the law, conspired with each other to undertake a course of conduct to injure, oppress,

threaten, harass and intimidate plaintiff KENNY DORCEAN, denying him free exercise and

enjoyment of the rights and privileges and equal protection of the law secured to him by the

Constitution, including the rights to be free from excessive force.

93.    The aforementioned defendants, under the color of the law, conspired with each

other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or

to produce false evidence in an effort, in violation of plaintiff KENNY DORCEAN's

constitutional rights including the right to due process, to have plaintiff wrongfully prosecuted

for a crime that he did not commit.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff KENNY DORCEAN requests the following relief jointly and

severally as against all of the Defendants:

1.      Award compensatory damages in an amount to be determined at trial;

2.      Award punitive damages in an amount to be determined at trial;

3.      Disbursements, costs and attorney's fees; and

4.      For such other further relief that this court may deep just and proper under the

circumstances.

## PLAINTIFF DEMANDS TRIAL BY JURY

Dated: Brooklyn, New York
        May 22, 2013

_____
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff, Kenny Dorcean*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100